**Affirm; Opinion Filed November 19, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01169-CR**

**JACQUEZ JESSIOUN SEARS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-83406-2017**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

Pursuant to a plea agreement, Jacquez Jessioun Sears pled guilty to the first-degree felony offense of aggravated robbery and was placed on deferred community supervision for a period of five years. On February 22, 2019, the State filed a petition to adjudicate guilt, alleging that appellant violated six of the terms and conditions of his community supervision. On May 24, 2019, the State filed an amended petition to adjudicate guilt in which the State alleged an additional twenty-eight violations of the terms and conditions of appellant's community supervision.

Appellant entered a plea of "not true" to all thirty-four alleged violations. On August 28, 2019, the trial court conducted a hearing on the State's amended petition.

The trial court found alleged violations three through thirty-four[1] to be true, found appellant guilty of the offense of aggravated robbery, and sentenced him to eighteen years in prison.

The trial court appointed appellate counsel to represent appellant in his appeal. Appointed counsel filed an original brief in which she concluded that this appeal was wholly frivolous and that there was no error to raise any arguable issues for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appointed counsel filed a separate motion to withdraw and a certification of counsel, stating that she had: (1) informed appellant of her motion to withdraw and the filing of her *Anders* brief and provided him with a copy of each; (2) informed appellant of his right to file a pro se response and of his right to review the record; (3) informed him of his pro se right to seek discretionary review if the court of appeals determined that his appeal was frivolous; and (4) supplied him with a form motion for pro se access to the appellate record as well as the mailing address for this Court. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

By letter dated March 6, 2020, we advised appellant of his right to file a pro se response by April 3, 2020, and that failure to file a pro se response by that date would result in the case being submitted on the brief filed by appointed appellate counsel. We have not received a pro se response from appellant.

---

[1] The State abandoned alleged violations one and two.

–2–

Counsel's brief meets all of the requirements of *Anders* in that it presents a professional evaluation of the record showing why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). In compliance with *High v. State*, appellant's counsel discussed why, under controlling authority, there were no reversible errors in the trial court's judgment. 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).

When an appellate court receives an *Anders* brief from an appellant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must determine the issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *see Crowe v. State*, 595 S.W.3d 317, 318–19 (Tex. App.—Dallas 2020, no pet.). We have thoroughly reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we agree with counsel's assessment that the appeal is frivolous and without merit.

Based on the foregoing, we affirm the judgment of the trial court. Counsel's motion to withdraw is granted.

/Bill Pedersen, III//

191169f.p05

BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JACQUEZ JESSIOUN SEARS, Appellant

No. 05-19-01169-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 401-83406-2017.
Opinion delivered by Justice Pedersen, III. Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of November, 2020.